**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Civil Docket No. 06-6272 |
| Plaintiff, | Hon. Faith S. Hochberg, U.S.D.J. |
| v. | |
| | **OPINION & ORDER** |
| MARTIN FEIGENSON, | |
| | Dated: February 4, 2008 |
| Defendant. | |

**HOCHBERG, District Judge:**

      This matter calls upon the Court to determine whether to grant the Motion for Summary Judgment brought by the United States against Defendant Martin Feigenson. This Court has considered the submissions by the parties pursuant to Fed. R. Civ. P. 78; and

      it appearing that pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); and

      it appearing, in other words, that "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving

party." Miller v. Indiana Hosp., 843 F.2d 139, 143 (3d Cir. 1988); and

it appearing that Plaintiff has produced documentation to show the trust fund taxes and penalties at issue in this case; and

it appearing that Defendant admits all facts asserted in the Plaintiff's motion for summary judgment other than timeliness of one claim; and

it appearing that there is no evidence to suggest disputed issues of material fact as to all but one of the tax assessments at issue in this case; and

it appearing that the instant action was filed on December 28, 2006; and

it appearing that the applicable statute of limitations is governed by 26 U.S.C. § 6502, which provides a ten-year statute of limitations for collection of tax from the date of the assessment of the tax; and

it appearing that the Plaintiff alleges in its complaint that the statute of limitations should be tolled because the Defendant made an offer of compromise; and

it appearing that the Plaintiff has produced no specific evidence of the offer of comprise alleged in its complaint and has provided no briefing on the statute of limitations applicable to the March 14, 1996 tax assessment; and

it appearing that there remains a disputed issue of fact regarding the offer of compromise which may have been made related to the tax assessment made March 14, 1996;

**IT IS**, on this 4th day of February, 2008,

**ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED IN PART**, as to those tax assessments listed below, and judgment is reserved as to the disputed March 14, 1996 tax assessment; and it is further

**ORDERED** that judgment is entered against Martin Feigenson, and in favor of the United States in the amount equal to the amount due for the following tax assessments:

| Type of Tax | Tax Period(s) Ending | Assessment Date | Assessment |
| --- | --- | --- | --- |
| Trust Fund Recovery Penalty | 6/30/1995 | 1/3/97 | $231,192 |
| Trust Fund Recovery Penalty | 6/30/2000 | 3/18/2003 | $75,498 |
| Trust Fund Recovery Penalty | 12/31/2000 | 3/18/2003 | $60,549 |
| Trust Fund Recovery Penalty | 3/31/2001 | 3/18/2003 | $101,784 |
| Trust Fund Recovery Penalty | 6/30/2001 | 3/18/2003 | $73,474 |
| Trust Fund Recovery Penalty | 9/30/2001 | 3/18/2003 | $69,897 |
| Trust Fund Recovery Penalty | 12/31/2001 | 3/18/2003 | $10,388 |

with statutory additions accruing until paid, and it is further

**ORDERED** that the Plaintiff shall have until **February 14, 2008** to amend their Motion for Summary Judgment to include briefing and evidence related to whether there was a valid "offer of compromise" which tolled the statute of limitations for the disputed March 14, 1996 tax assessment.  Defendant shall have until **February 25, 2008** to respond to the documents and supplementary briefing supplied by the Plaintiff; and it is further

**ORDERED** that the Final Pretrial Conference currently scheduled before the Hon. Patty Shwartz on February 8, 2008 at 11:00 a.m. shall be postponed until **March 5 at 3:00 p.m.** and the joint proposed final pretrial order shall be submitted to Judge Shwartz's CHAMBERS no later than **February 27, 2008 at 4:00 p.m.** The Final Pretrial Conference shall proceed even if the dispositive motion is pending.  If after the final pretrial conference the issue of the alleged

"offer of compromise" remains disputed, the parties shall proceed to trial on the narrow issue of the statute of limitations applicable to the March 14, 1996 assessment.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.
