NOT FOR PUBLICATION                                              CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Civil Docket No. 06-6272 |
| Plaintiff, | Hon. Faith S. Hochberg, U.S.D.J. |
| v. | **OPINION & ORDER** |
| MARTIN FEIGENSON, | Dated: March 19, 2008 |
| Defendant. | |

**HOCHBERG, District Judge:**

This matter calls upon the Court to determine whether to grant the Second Motion for Summary Judgment brought by the United States against Defendant Martin Feigenson. This Court has considered the submissions pursuant to Fed. R. Civ. P. 78; and

it appearing that pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); and

it appearing, in other words, that "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Indiana Hosp., 843 F.2d 139, 143 (3d Cir. 1988); and

it appearing that all facts and inferences must be construed in the light most favorable to the non-moving party. Peters v. Delaware River Port Auth., 16 F.3d 1346, 1349 (3d Cir. 1994); and

it appearing that the party seeking summary judgment always bears the initial burden of production. Celotex Corp., 477 U.S. at 323; and

it appearing that this requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the non-moving party has not shown the requisite facts relating to an essential element of an issue for which it bears the burden. See id. at 322–23; and

it appearing that Rule 56(e) of the Federal Rules of Civil Procedure provides that "if the adverse party does not . . . respond, summary judgment, if appropriate, shall be entered against the adverse party;" and

it appearing that it is well settled that "this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond." Anchorage Assoc. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990); and

it appearing that in considering an unopposed summary judgment motion, it is entirely appropriate for this Court to treat all of the facts properly supported by the movant to be uncontroverted. See id. at 176; Longoria v. New Jersey, 168 F. Supp. 2d 308, 312, n.1 (D.N.J. 2001) (holding that where plaintiff had not submitted a Rule 56.1 statement, the court would treat the facts in the defendant's Rule 56.1 statement as admitted unless controverted in the plaintiff's briefs or contradicted by the evidence); see also Custer v. Pan American Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993); Wienco, Inc. v. Katahn Assoc., Inc., 965 F.2d 565, 568 (7th Cir. 1992);

and

it appearing that despite the time to do so having passed, Defendant has not filed any response or opposition to Plaintiff's Second Motion for Summary Judgment; and

it appearing that Plaintiff has produced documentation to show the "offer of compromise" which served to toll the statute of limitations for the tax assessment at issue in this case;[1] and

it appearing that there is no evidence to suggest disputed issues of material fact;

**IT IS**, on this 19th day of March, 2008,

**ORDERED** that Plaintiff's Second Motion for Summary Judgment is **GRANTED**, and it is further

**ORDERED** that judgment is entered against Martin Feigenson, and in favor of the United States for the unpaid trust fund taxes assessed on March 14, 1996 in the amount of $153,513, as of December 31, 2006, with statutory additions accruing from that date until paid, and it is further

**ORDERED** that this case is **CLOSED**.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.

---

[1] Plaintiff initially moved for Summary Judgment on October 30, 2007. That motion was granted as to all tax assessments other than the March 14, 1996 assessment on February 4, 2008. The Court reserved judgment on the March 14, 1996 assessment and allowed the parties to brief the remaining issue related to whether an "offer of compromise" served to toll the ten-year statute of limitations for that assessment. The instant unopposed motion resolves this issue.